IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELA AZUCENA RAMIREZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-26-CV-00098-FB |
| | § | |
| KRISTI NOEM, Secretary, U.S. Department | § | |
| of Homeland Security, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are Petitioner Angela Azucena Ramirez's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Petition") (ECF No. 1), along with the Federal Respondents' ("Respondents") response (ECF No. 4) in opposition thereto. Petitioner did not file a discretionary reply.

Petitioner contends Respondents are subjecting her to mandatory detention in violation of statutory procedures and due process guarantees applicable to non-citizens who enter the United States without inspection between ports of entry. (ECF No. 1, generally). However, Petitioner includes a copy of her Notice to Appear ("NTA") as an exhibit to the Petition which clearly shows that Petitioner entered the United States with inspection at a port of entry. *Compare* ECF No. 1 ¶¶ 3, 35 (claiming to have entered without inspection) *with* ECF No. 1-2 (NTA). The factual allegations upon which Petitioner relies are therefore belied by her own evidence. *See Garcia v. Secretary of Lab.*, 10 F.3d 276, 285 (5th Cir. 1993) (declining to grant habeas relief where Petitioner's allegations were "belied by the evidence"); *Saillant v. Hoover*, 454 F. Supp. 3d 465, 471 (M.D. Pa. 2020) (denying habeas relief where Petitioner's allegations that ICE facility was failing to follow COVID protocols were "belied by the

evidence" Respondents had produced); *Aguilar v. Arthritis Osteoporosis Ctr.*, No. CIVA M-03-243, 2006 WL 2478476, at *4 (S.D. Tex. Aug. 25, 2006) (denying habeas relief where Petitioner's allegations were "belied by the evidence").  Further, Petitioner acknowledges that her legal analysis applies only to non-citizens who enter without inspection between ports of entry, as opposed to those who enter with inspection at a port of entry.  *See* (ECF No. 1 ¶¶ 14, 19, 32–33).  Given Petitioner's failure to properly apply the actual facts to the law, the Petition shall be denied.

      IT IS THEREFORE ORDERED that Petitioner Angela Azucena Ramirez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive elief (ECF No. 1) is DENIED.

      It is so ORDERED.

      SIGNED this 11th day of February, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE